Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| BARBARA YSELL DIAZ-PIFERRER MONTAÑEZ<br><br>Peticionario<br><br>v.<br><br>CARLOS ALBERTO DIAZ-PIFERRER SIERRA, COFRADIA PUERTO REAL, INC., FULANO DE TAL Y OTROS<br><br>Recurrido | KLCE202400471 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Cabo Rojo<br><br>Caso Núm. CB2023CV00463<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

I.

El 8 de julio de 2023 la Sra. Barbara Ysell Díaz-Piferrer Montañez presentó *Demanda* sobre sentencia declaratoria, prescripción adquisitiva y acción reivindicatoria contra el Sr. Carlos Díaz-Piferrer Sierra. Alegó haber heredado de su padre, Manuel Díaz-Piferrer, una propiedad sita en Cabo Rojo, Puerto Rico.

Expuso que, la referida propiedad fue adquirida el 30 de enero de 1991 por escritura pública ante notario y que en la correspondiente compraventa comparecieron como parte compradora su padre y una entidad corporativa llamada Cofradía Puerto Real, Inc. Sobre dicha Corporación alegó que, fue inscrita en el Departamento de Estado el 11 de abril de 2000 y revocada el 16 de abril de 2014. Sostuvo que, el 12 de abril de 2023 se personó a la propiedad y allí se encontró con el señor Díaz-Piferrer Sierra quien le alegó ser dueño del cincuenta por ciento (50%) de las acciones de la Corporación titular de la propiedad. Alegó también, que el 19 de

Número Identificador

SEN2024_____

abril de 2023 el señor Díaz-Piferrer Sierra presentó en el Departamento de Estado una declaración jurada falsa, con el fin de adjudicarse el control de la entidad titular de la propiedad en controversia. Por tanto, la señora Díaz-Piferrer Montañez solicitó al Tribunal de Primera Instancia, que, mediante sentencia declaratoria decretara que la susodicha Corporación no existía a la fecha de la compraventa de la propiedad, siendo así su padre el único titular de la propiedad en controversia.

Por su parte, el 21 de septiembre de 2023, el señor Díaz-Piferrer Sierra, en su *Contestación a la Demanda* alegó que, había hecho la Corporación en común acuerdo con su hermano Manuel Díaz-Piferrer y que, juntos habían creado y trabajado varios negocios, sobre los cuales presentó declaraciones juradas y documentos para probar su existencia. Aseguró ser dueño del cincuenta por ciento (50%) de la propiedad en cuestión.

Luego de varios trámites procesales, el 12 de febrero de 2024, el señor Díaz-Piferrer Sierra presentó *Moción Urgente en Solicitud de Sentencia Sumaria.* El 5 de marzo de 2024, la señora Díaz-Piferrer Montañez presentó *Moción en Oposición a Solicitud de Sentencia Sumaria: y en Solicitud de Sentencia Sumaria a Favor de la Demandante.* El 20 de marzo de 2024, el Tribunal de Primera Instancia declaró No Ha Lugar ambas peticiones. En su *Resoluci[ó]n,* el Foro *a quo* consignó los hechos en controversia que le impedían resolver el caso sumariamente.  A saber:

1. Si el dinero que se utilizó para la compra del inmueble fue con dinero exclusivo de Manuel Diaz-Piferrer, o de un dinero prestado a ambos hermanos para el establecimiento de la Corporación.

2. Si el dinero adeudado en la compra del inmueble se pagó con el dinero exclusivo de Manuel Diaz Piferrer o producto del trabajo entre éste y su hermano Carlos Diaz-Piferrer, el demandado.

3. Si el tipo de uso que se le dio al inmueble objeto del pleito fue de negocio, o residencia, o ambas cosas; y

si el inmueble se poseyó en concepto de dueño exclusivo por Manuel Diaz-Piferrer o a nombre de la Corporación.

4. Si los negocios y transacciones efectuados por ellos, respondió a un interés personal de cada uno, o se realizaron a nombre de la Corporación.

5. Si en efecto se realizaron trabajos y mejoras en el inmueble, por el demandado Carlos Diaz-Piferrer.

6. Si el hecho de no haber estado constituida la Corporación, al momento de la compra del inmueble, y compareciendo el Sr. Manuel Diaz- Piferrer en el otorgamiento de la escritura como representante de la Corporación, convierte a su hija como única heredera y dueña del 100% de esa propiedad.

7. Del tribunal adjudicar que en efecto se prestó dinero a los hermanos Diaz-Piferrer como pronto para la compra del inmueble y que el resto fue pagado con el fruto del trabajo de ambos, si procedería en derecho, el reclamo de la demandante en cuanto adjudicarse el 100% de la propiedad objeto del litigio.

El Tribunal de Primera Instancia también consignó los hechos que, a su juicio, no estaban en controversia.

1. Que la demandante Bárbara Diaz-Piferrer Montañez es la única hija del causante Manuel Diaz-Piferrer Sierra, según declaratoria de herederos caso CB2023CV00362.

2. Que la propiedad objeto del litigio, en la Calle Principal 1171 del Barrio Miradero, Puerto Real, Cabo Rojo, P.R. 0060623 fue adquirida el 30 de enero de 1991 por una entidad corporativa llamada, Cofradia Puerto Real, Inc. y su representante Manuel Diaz-Piferrer Sierra.

3. Que dicha transacción consta en escritura pública núm. 26 del 30 de enero de 1991 ante el notario, Rafael Doitteau Cruz.

4. Que dicha propiedad fue vendida por $45,000.00, de los cuales, se pagó $15,000.00 dólares en el momento de su otorgamiento y los restantes $30,000.00 pagaderos a plazos.

5. Que la Corporación Cofradia Puerto Real, Inc. no estaba inscrita, al momento que se compró el inmueble.

6. Que el Sr. Manuel Diaz Piferrer compareció como representante de la corporación, al momento de firmarse y otorgarse la escritura de compraventa del inmueble.

7. La Corporación Cofradia Puerto Real, Inc. fue inscrita el 11 de abril de 2000, nueve (9) años después de haberse efectuado la compra del inmueble.

8. Que dicha Corporación fue cancelada el 16 de abril de 2014, y en el mes de abril de 2023, el demandado Carlos Diaz-Piferrer solicitó su inscripción en el Departamento de Estado.

9. Que, conforme a los documentos y declaraciones juradas presentadas como anejos en la demanda, el tribunal puede concluir que se realizó algún tipo de negocio y trabajo, a nombre de la alegada corporación.

10. Que, de la prueba presentada en las alegaciones del demandante como del demandado, el tribunal puede concluir que la corporación Cofradia Puerto Real, Inc. la componían los hermanos Carlos y Manuel Diaz-Piferrer.

Finalmente, en su *Resoluci[ó]n,* el Tribunal recurrido ordenó a las partes proveerle copia de la Certificación Registral de la propiedad en controversia. El 24 de marzo de 2024, la señora Díaz-Piferrer Montañez presentó *Moci[ó]n de Reconsideraci[ó]n.* Declarada No Ha Lugar el 27 de marzo de 2024 e insatisfecha aún, el 26 de abril de 2024 la señora Díaz-Piferrer Montañez acudió ante nos mediante recurso de *Certiorari.* Plantea:

**PRIMER ERROR:**

EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL CONCLUIR QUE EXISTÍAN HECHOS EN CONTROVERSIA, DESCANSANDO PARA ELLO EN DECLARACIONES JURADAS PRESENTADAS POR LA PARTE DEMANDADA QUE NO CUMPLEN CON LOS CRITERIOS REGLAMENTARIOS Y JURISPRUDENCIALES APLICABLES A LA ADJUDICACIÓN DE UNA SOLICITUD DE SENTENCIA SUMARIA.

**SEGUNDO ERROR:**

EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL LLEGAR A UNA DETERMINACIÓN DE HECHO QUE RESULTA CONTRADICTORIA RESPECTO A LOS MISMOS HECHOS QUE ENCUENTRA EN CONTROVERSIA.

El 7 de mayo de 2024 concedimos veinte (20) días al señor Díaz-Piferrer Sierra para fijar su posición. El 24 de mayo de 2024, el señor Díaz-Piferrer Sierra presentó *Memorando en Oposición a la Expedición del Auto de Certiorari.* Alegó, en síntesis, que las declaraciones juradas eran válidas y establecían que existían controversias de hecho, que existían elementos subjetivos de

credibilidad que no se podían adjudicar mediante sentencia sumaria y que el caso se encontraba en una etapa inicial. Finalmente, sostuvo que el Foro primario había realizado las determinaciones de hecho basándose en documentos que acompañaron la *Moción de Sentencia Sumaria* y que no había error manifiesto, ni perjuicio, ni parcialidad por lo que se debía declarar No Ha Lugar el recurso de *certiorari*.

Contando con el beneficio de la comparecencia de las partes, el Derecho y jurisprudencia aplicable, estamos en posición de resolver.

II.

En su primer señalamiento de error, la señora Díaz-Piferrer Montañez plantea que el Tribunal de Primera Instancia se equivocó al concluir que existían hechos en controversia, basado en unas declaraciones juradas presentadas por el señor Díaz-Piferrer que no cumplen con los criterios reglamentarios y jurisprudenciales aplicables a la adjudicación de una solicitud de sentencia sumaria. Veamos.

La Regla 36.2 de Procedimiento Civil, permite a una parte contra la cual se ha presentado una reclamación, solicitar que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de esta.[1] Este mecanismo procesal es un remedio de carácter extraordinario y discrecional. Su fin es favorecer la más pronta y justa solución de un pleito que carece de controversias genuinas sobre los hechos materiales y esenciales de la causa que trate.[2] La doctrina considera que el uso apropiado de este recurso contribuye a descongestionar los calendarios judiciales, con lo que se fomentan

---

[1] Regla 36.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[2] *Córdova Dexter* v. *Sucn. Ferraiuoli*, 182 DPR 541, 555 (2011); *Ramos Pérez* v. *Univisión*, 178 DPR 200, 212-214 (2010); *Sucn. Maldonado* v. *Sucn. Maldonado*, 166 DPR 154, 184 (2005).

los principios de celeridad y economía procesal que gobiernan nuestro ordenamiento.[3]

Así pues, este mecanismo únicamente se concederá en casos claros, cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda, y sólo reste disponer de las controversias de derecho existentes.[4] De este modo y debido a la ausencia de criterios que indiquen la existencia de una disputa real en el asunto, el juzgador de hechos puede disponer del mismo sin la necesidad de celebrar un juicio en su fondo.[5]

La parte demandante puede prevalecer con la presentación de una sentencia sumaria si provee prueba incontrovertible sobre todos los elementos indispensables de su causa de acción.[6] Está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor.[7] **Cuando de las propias alegaciones, admisiones o declaraciones juradas, surge una controversia de hechos, la moción de sentencia sumaria resulta ser improcedente. Ante ello, el tribunal competente deberá abstenerse de dictar sentencia sumaria en el caso y cualquier duda en su ánimo, habrá de resolverse en contra de la parte que promueve la solicitud**.[8]

De otra parte, la demandada puede derrotar una moción de sentencia sumaria presentada por la demandante de tres maneras: 1) si establece una controversia real de hechos sobre uno de los

---

[3] *Vera* v. *Dr. Bravo*, 161 DPR 308, 331-332 (2004).

[4] *PFZ Props., Inc.* v. *Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994).

[5] *Luan Invest. Corp.* v. *Rexach Const. Co.*, 152 DPR 652, 665 (2000).

[6] *Ramos Pérez* v. *Univisión*, 178 DPR 200, a la pág. 203.

[7] *Ramos Pérez* v. DPR 200, a la pág. 213; *Sucn. Maldonado* v. DPR 154, a la pág. 184; *Vera* v. DPR 308, a la págs. 332-333.

[8] *Vera* v. DPR 308, a las págs. 332-333; *Mgmt. Adm. Servs., Corp.* v. *E.L.A.*, 152 DPR 599, 610 (2000).

elementos de la causa de acción de la parte demandante; 2) si presenta prueba que apoye una defensa afirmativa; o 3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la demandante.[9]

Como vemos, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones. La oposición debe exponer de forma detallada y específica los hechos pertinentes para demostrar que existe una controversia real y sustancial, la cual deberá dilucidarse en un juicio plenario. De no hacerlo así o se cruza de brazos, corre el riesgo de que se acoja la solicitud de sentencia sumaria y se resuelva en su contra si procede.[10] No obstante, el hecho de no oponerse no implica necesariamente que proceda dictarse sentencia sumaria, si existe una controversia legítima sobre un hecho material.[11]

Al evaluar la prueba pertinente, cualquier duda sobre la existencia de una controversia de hechos materiales, debe resolverse en contra de la parte que promueve la sentencia sumaria. La privación a un litigante de su "día en corte" es una medida procedente sólo en casos extremos, a usarse solamente en casos extremos.[12]

En lo aquí pertinente y sobre la forma de las declaraciones juradas, la Regla 36.5 de Procedimiento Civil,[13] establece:

> Las declaraciones juradas para sostener u oponerse a la moción se basarán en el conocimiento personal del (de la) declarante. Contendrán aquellos hechos que serían admisibles en evidencia y demostrarán afirmativamente que el(la) declarante está cualificado(a) para testificar en cuanto a su contenido. Copias juradas o certificadas de todos los documentos, o de partes de éstos en que se haga referencia en una declaración jurada, deberán unirse a la misma o notificarse junto con ésta. El tribunal podrá permitir que las declaraciones juradas se complementen o se

---

[9] *Ramos Pérez* v. DPR 200, a la pág. 217.
[10] Regla 36 (c) de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[11] *Ramos Pérez* v. DPR 200, a la pág. 215.
[12] *Metrop. de Prestamos* v. *Lopez de Victoria*, 141 DPR 844 (1996); *Candal* v. *CT Radiology Offices, Inc.*, 112 DPR 227 (1982); *Moa* v. *E.L.A.* 100 DPR 573 (1972).
[13] Regla 36.5 de Procedimiento Civil de 2009 (32 LPRA AP. V).

impugnen mediante deposiciones o declaraciones juradas adicionales.

En el caso en que no puedan obtenerse declaraciones juradas, la Regla 36.6[14] provee lo siguiente:

> Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración concediéndole a la parte promovida un término razonable para que pueda obtener declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia, o dictar cualquier otra orden que sea justa.

Vale destacar que, nuestro Tribunal Supremo ha establecido que existen casos que por su naturaleza no se hace aconsejable o deseable que se adjudiquen mediante sentencia sumaria por no reunirse ante el tribunal toda la verdad de los hechos a través de afidávits o deposiciones. Ejemplo de esto son aquellos donde la credibilidad juega un factor decisivo para llegar a la verdad y donde una parte depende de lo que extraiga de la otra en el juicio. La sentencia sumaria no permite que el tribunal dirima cuestiones de credibilidad.[15]

En cuanto al asunto específico del estándar que debe utilizar el Tribunal de Apelaciones al momento de revisar determinaciones del foro primario en las que se conceden o deniegan mociones de sentencia sumaria, el Tribunal Supremo pautó lo siguiente:

> El tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria.

> Sin embargo, al revisar la determinación de primera instancia, el tribunal de apelación está limitado de dos maneras: primero, sólo puede considerar los documentos que se presentaron ante el foro de primera instancia. Las partes no pueden añadir en apelación exhibit[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir

---

[14] Regla 36.6 de Procedimiento Civil de 2009 (32 LPRA AP. V).
[15] *García Rivera* v. *Enríquez*, 153 DPR 323 (2001).

asuntos nuevos por primera vez ante el foro apelativo. Segundo, el tribunal apelativo sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales esenciales en disputa. Esa tarea le corresponde al foro de primera instancia.[16]

En otras palabras y de acuerdo con la interpretación que hizo el Tribunal Supremo de la anterior cita, "el Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar una Solicitud de Sentencia Sumaria".[17] Esto quiere decir que es una revisión de *novo* en el sentido que nos permite usar los mismos criterios que el Foro primario utilizó, para analizar si procede o no la desestimación de un pleito por la vía sumaria.[18]

Sin embargo, y como vimos de la cita antes transcrita, nuestra facultad revisora tiene los siguientes límites: (1) no podemos tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia; (2) tampoco podemos adjudicar los hechos materiales en controversia, ya que la tarea le compete al Foro primario luego de celebrado un juicio en su fondo; (3) debemos examinar el expediente de la manera más favorable hacia la parte que se opuso a la moción de sentencia sumaria, en otras palabras que estamos obligados a inferir los hechos, siempre que la prueba lo permita, a favor del opositor.[19]

Recientemente, el Tribunal Supremo atemperó la norma de revisión judicial, que acabamos de explicar, a las Reglas de Procedimiento Civil de 2009. En primer lugar, reiteró que, por estar en la misma posición que el Foro primario, debemos revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma recopilados en la Regla 36 de

---

[16] *Vera* v. *Dr. Bravo,* 161 DPR 308, 334-335 (2004).
[17] *Meléndez González* v. *M. Cuebas, Inc.*, 193 DPR 100 (2015), a la pág. 8.
[18] *Id.*
[19] *Id.* a la pág. 9.

Procedimiento Civil.[20] Luego de culminada nuestra revisión de las mociones, en caso de que encontremos que en realidad existen hechos materiales en controversia:

> [E]l foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.[21]

En caso contrario y de encontrar que los hechos materiales realmente están incontrovertidos, entonces procederemos a revisar, también *de novo*, si el Tribunal de Primera Instancia aplicó correctamente el Derecho a los hechos incontrovertidos.[22]

III.

En este caso, la señora Díaz-Piferrer Montañez señala, que las declaraciones juradas utilizadas por el Tribunal de Primera Instancia para concluir que existían hechos en controversia eran insuficientes o inválidas. No le asiste la razón. Veamos por qué.

El señor Díaz-Piferrer Sierra presentó tres (3) declaraciones juradas. Mediante la declaración jurada de Enrique Rodríguez Belén, se expuso que fue vecino inmediato de la casa localizada en el número 1171 de la Carretera 308 en Puerto Real, en el Municipio de Cabo Rojo, Puerto Rico por más de 10 años. Que tenía comunicación constante con Manuel Díaz-Piferrer y Carlos Díaz-Piferrer y que siempre fue de su conocimiento que esa casa pertenecía a los dos hermanos y que ambos utilizaban la propiedad de forma continua, pacífica y pública en concepto de dueños.

---

[20] *Id.* a la pág. 10; *Véase, además*: *SLG Zapata–Rivera* v. *JF Montalvo* 189 DPR 414 (2013).
[21] *Id.* a la pág. 3.
[22] *Id.*

De la declaración jurada de Susan Fairbank surge que, en fecha del 11 de noviembre del año 1991, entregó en calidad de préstamo la suma de diez mil dólares ($10,000.00) a los señores Carlos, también conocido como Carlos Díaz Sierra y Manuel Díaz-Piferrer Sierra para la compra de una propiedad localizada en 1171 Calle Principal, Carretera 308, Puerto Real Cabo Rojo, Puerto Rico 00623. Que en el año 2000 los señores Carlos y Manuel Díaz-Piferrer Sierra, según acordado cumplieron con la devolución de la suma prestada a su favor. En su declaración jurada, Carlos Díaz-Piferrer Sierra consignó lo siguiente;

> (2) Mi hermano Manuel Díaz-Piferrer Siena (q.e.p.d) y yo acordamos adquirir la propiedad que ubica en 1171 Calle Principal, Carretera 308, Puerto Real, Cabo Rojo, Puerto Rico.

> (3) Adquirimos dicha propiedad y nunca hubo controversia entre nosotros sobre le existencia de una comunidad de bienes sobre dicha propiedad. Siempre nos comportamos y actuamos reconociendo que cada uno de nosotros era co-propietario del inmueble en un cincuenta porciento (50%)."

> (4) Mi hermano Manuel Díaz-Piferrer y yo éramos co-propietarios con una participación de cincuenta porciento (50%) cada uno sobre el inmueble mencionado anteriormente.

> (5) Desde el 30 de enero de 1991 he poseído junto a mi hermano Manuel Díaz-Piferrer la propiedad que ubica en 1771 Calle Principal, Carretera 308, Puerto Real, Cabo Rojo, Puerto Rico en concepto de copropietario de forma continua, ininterrumpida, pública y pacíficamente.

Coincidimos con el Foro recurrido en que las declaraciones juradas cumplen con los criterios establecidos en la Regla 36.5 de las de Procedimiento Civil. Las tres declaraciones juradas descansan en el conocimiento personal de los declarantes y giran en torno a la controversia medular del caso. Detallan particularizadamente el conocimiento personal de los declarantes sobre la co-titularidad del señor Carlos Díaz-Piferrer sobre el inmueble en controversia, la procedencia de los fondos utilizados para la compra del inmueble, así como fechas específicas y detalles íntimos sobre la relación entre los hermanos. De manera que, a través de dichas declaraciones

juradas, se establecieron controversias de hecho esenciales que impedían resolver el caso sumariamente sin la celebración de un juicio en su fondo. Particularmente, de ellas afloran elementos subjetivos de credibilidad que no son susceptibles de adjudicarse mediante una moción de sentencia sumaria. El primer error no fue cometido.

IV.

En su segundo señalamiento de error, la señora Díaz-Piferrer Montañez plantea que el Tribunal de Primera Instancia erró al llegar a una determinación de hecho que resulta contradictoria respecto a los mismos hechos que se encuentran en controversia. Se refiere a la Determinación de Hecho Núm. 10, en la que el Foro *a quo* encontró probado que "de la prueba presentada en las alegaciones del demandante como del demandado, el tribunal puede concluir que la corporación Cofradia Puerto Real Inc. la componían los hermanos Carlos y Manuel Diaz-Piferrer." Le asiste la razón. Veamos por qué.

La Escritura de compraventa de 2016 identifica a Don Manuel como el **único accionista** de Cofradia Puerto Real Inc. Siendo ello así, evidentemente debe ser objeto de prueba quienes eran efectivamente, accionistas de la corporación Cofradía Puerto Real Inc. A base de dicha Escritura, no puede concluirse, como consignó el Tribunal de Primera Instancia, que la corporación Cofradia Puerto Real Inc., la componían los hermanos Carlos y Manuel Díaz-Piferrer. Erró el Tribunal de Primera Instancia al así determinarlo. Por lo tanto, se cometió el segundo señalamiento de error.

V.

Por los fundamentos antes expuestos, se *expide* el auto y se *modifica* el dictamen recurrido a los únicos efectos de dejar sin efecto la Determinación de Hecho Núm. 10 y en su lugar, establecer como un hecho en controversia quienes componían la Corporación

Cofradia. Así *modificada* se *confirma* el dictamen recurrido en toda su extensión.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones